IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY KAY WILLINGHAM                                                                    PLAINTIFF

vs.                                         Civil No. 6:13-cv-06009

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Kimberly Kay Willingham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed her application for SSI on July 20, 2010. (Tr. 10, 87-88). Plaintiff alleged she was disabled due to Hepatitis C, carpal tunnel in both wrists, TMJ, a pinched nerve in right shoulder, and pain on right side. (Tr. 113). Plaintiff alleged an onset date of March 31, 2009. (Tr. 113). Plaintiff's application was denied initially and at the reconsideration level. (Tr. 42-49). Thereafter,

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

Plaintiff requested an administrative hearing on her application and this hearing request was granted. (Tr. 52).

Plaintiff's administrative hearing was held on October 6, 2011. (Tr. 21-37). Plaintiff was present and was represented by her attorney, Eric Worsham, at this hearing. *See id.* Plaintiff testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a high school education. (Tr. 25).

On November 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 10-17). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 20, 2010. (Tr. 12, Finding 1). The ALJ also determined Plaintiff had the severe impairments of Hepatitis C and arthritis. (Tr. 12, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-16). First, the ALJ indicated he evaluated Plaintiff's subjective complaints pursuant to the requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations were not totally credible. (Tr. 13). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for the full range of light work. (Tr. 12, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 16, Finding 5). The ALJ, however, also determined there was other work existing

in significant numbers in the national economy Plaintiff could perform. (Tr. 16, Finding 9). The ALJ then used Medical-Vocational Guidelines Rule 202.20 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.28. (Tr. 17). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 17, Finding 10).

On December 28, 2011, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On December 7, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On February 4, 2013, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on February 28, 2013. ECF No. 8. Both parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11 at 5-15. Specifically, Plaintiff claims the ALJ erred (1) in his use of Grid Rule 202.20 and (2) by improperly evaluating the opinions of Plaintiff's treating physician. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for the full range of light work. (Tr. 12, Finding 4). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of her treating physician. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

According to the medical record, Plaintiff was first seen by treating physician, Dr. Gary Gehrki on January 5, 2010. (Tr. 161). Plaintiff was seen for chronic pain related to Hepatitis C, right upper quadrant pain, TMJ pain and right wrist pain. *Id.* From 2010 through 2011, Plaintiff was seen in the office by Dr. Gehrki for among other things; forearm swelling, poor grip, arm weakness, arthritis, swollen knees and elbows and pain associated with Hepatitis C. (Tr. 169-172, 186-188,

207-209).

On September 27, 2011, Dr. Gehrki prepared a Hepatitis C. Medical Source Statement. (Tr. 210-213). Dr. Gehrki indicated Plaintiff had a guarded prognosis. (Tr. 210). Dr. Gehrki also indicated Plaintiff could sit a total of 4 hours of an eight hour day and stand less than 2 hours of an eight hour day; work approximately 20 hours per week; could occasionally left under 10 pounds and never lift over 20 pounds; and would need 5 unscheduled breaks during the work day. (Tr. 211-213). Dr. Gehrki also prepared an Arthritis RFC Questionnaire on September 27, 2011, which included a diagnosis of rheumatoid arthritis. (Tr. 214-220). Dr. Gehrki indicated Plaintiff experienced chronic fatigue, right upper quadrant pain, and muscle and joint aches as a result of arthritis. (Tr. 214). Dr. Gehrki's report found similar limitations as he stated in the Hepatitis C. Medical Source Statement. (Tr. 215-220).

Although the ALJ did mention Plaintiff's treatment by Dr. Gehrki, the ALJ gave these opinions little weight, only stating they were not supported by objective medical evidence and there was no corroborating evaluation to substantiate a diagnosis of rheumatoid arthritis. (Tr. 15).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Gehrki's findings. *See Brown,* 611 F.3d at 951-52.

Further, the ALJ was provided with lab results showing a significantly elevated Rheumatoid Factor (i.e., 29.7 IU/mL) and Sedimentation Rate (i.e., 52 mm/hr.). (Tr. 207-09). The ALJ did not

7

mention these elevated readings; yet, questioned the diagnosis of Rheumatoid Arthritis.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Gehrki. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Gehrki.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE