IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY KAY WILLINGHAM                                                    PLAINTIFF

vs.                                          Civil No. 6:13-cv-06009

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under the Equal

Access to Justice Act ("EAJA"). ECF No. 15. Defendant has responded to this Motion and objects

to the hourly rate requested and the request that the EAJA payment be made directly to him, instead

of to Plaintiff. ECF No. 16. The Parties have consented to the jurisdiction of a magistrate judge to

conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a

final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this

authority, the Court issues this Order.

1.      **Background:**

Kimberly Kay Willingham ("Plaintiff") appealed to this Court from the Secretary of the

Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1.

On January 29, 2014, Plaintiff's case was reversed and remanded pursuant to sentence four of 42

U.S.C. § 405(g). ECF No. 13, 14. On April 28, 2014, Plaintiff filed the present Motion requesting

an award of attorney's fees under the EAJA. ECF No. 15. With this Motion, Plaintiff requests an

award of attorney's fees of $3,090.52. *Id.* The attorney's fees represent 16.00 attorney hours at an

hourly rate of $184.72 for work performed in 2013 and 2014, and 1.80 paralegal hours at an hourly

rate of $75.00. *Id.* Defendant responded to this Motion on April 29, 2014 and objects to the hourly

rate requested for attorney work performed in 2013.  ECF No. 16.

2.    **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action,  *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3.    Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 16. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,090.52 under the EAJA. ECF No. 15. Plaintiff requests these fees at an hourly rate of $184.72 for work performed in 2013 and 2014. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. In this case, Plaintiff has submitted the CPI calculations justifying an enhanced hourly rate. ECF No. 15. Although Defendant agrees Plaintiff is entitled to an enhanced hourly rate, Defendant opposes the requested rate of $184.72 for attorney work performed in 2013 as excessive. *Id.*

3

On January 6, 2012, this Court issued Amended General Order No. 39, which directs adjustments made for cost of living increases be computed using the CPI-South index as published by the Bureau of Labor Statistics.  Pursuant to the directives of the General Order, the allowable hourly rate for 2013 is $183.00.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 15.  This Court notes that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,064.80, representing 14.95 hours of attorney time in 2013 at an hourly rate of $183.00, 1.05 hours of attorney time in 2014 at an hourly rate of $184.72, and 1.80 hours of paralegal time at an hourly rate of $75.00.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010).  ECF No. 16.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See Ratliff,* 130 S.Ct. at 2528.  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.   **Conclusion:**

Based upon the foregoing, Plaintiff is awarded **$3,064.80** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **30th day of April 2014.**

/s/  Barry A. Bryant
 HON. BARRY A. BRYANT
 U.S. MAGISTRATE JUDGE